# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**BETTYE BEDWELL, Chapter 7 Trustee of the
Bankruptcy Estate of Arthur Levy**                                                    **PLAINTIFF**

v.                               2:18-cv-108-DPM

**G. ADAM COSSEY; HUDSON POTTS &
BERNSTEIN LLP; and John Does 1-10**                                                **DEFENDANTS**

## SECOND AMENDED FINAL SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

- Deadline to request any pleading amendment............................................**PASSED**

- Joint status report due ....................................**10 February 2020**

- Plaintiffs shall identify all expert witnesses and produce their opinions by ..............................................**10 February 2020**

- Defendants shall identify all expert witnesses and produce their opinions by ...................................................**13 March 2020**

- Plaintiff shall identify any rebuttal expert witnesses and produce their opinions by ...................................................**27 March 2020**

- Discovery cutoff ......................................................**10 April 2020**

- Dispositive and *Daubert* motions due[1] .................... **11 May 2020**

- Joint status report, including settlement conference request, due ......................... **11 May 2020**

- Deposition designations exchanged[2] .................... **4 August 2020**

- Motions in limine due ........................................ **24 August 2020**

- Local Rule 26.2 pre-trial disclosure sheets due ....................................... **3 September 2020**

- Joint report on deposition designation disputes (if any) ................................................. **3 September 2020**

- Trial briefs due ................................................ **3 September 2020**

- Jury Instructions (agreed or disputed) due ... **3 September 2020**

- Jury Trial, Helena Courtroom 314 ...................... **5 October 2020**

- **Protective Orders.** Before filing a motion for approval, counsel should email a draft order in WordPerfect or Word to chambers for review.  Alert the law clerk on the case to the draft's submission.  Avoid legalese.  Short, plain orders are better than long, complicated ones.  Incorporate Fed. R. Civ. P. 5.2's mandate for redaction if practicable before any filing under seal.  The order should remain in effect no longer than one year after litigation ends, not in perpetuity.  Incorporate the procedure for discovery disputes, see *infra*, to cover disputes about whether a document is confidential.

---

[1] Note and follow the procedure specified *infra*.

[2] Note and follow the procedure specified *infra*.

- **Discovery Disputes.** Counsel should confer in good faith *in person* before bringing any discovery dispute to the Court. Do not file motions to compel. Do not file a motion to quash or for protective order unless there is an emergency. If the parties reach a discovery impasse, they should file a joint report explaining the disagreement. File this paper under the CM/ECF event called "Joint Report of Discovery Dispute". Your joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. Do not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents (such as disputed written discovery or responses) as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. File the joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing. Alert the law clerk on the case to the joint report's filing. If a dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

- **Summary Judgment.** Motions must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1. Make the complete condensed transcript of any deposition cited an exhibit. Limit your Rule 56.1 statements to *material* facts. Include a *specific* supporting record citation for each fact asserted. Responding statements of fact must repeat the statement being responded to—like a discovery response. Include a *specific* supporting record citation for each fact disputed or asserted in the responding statement. A party's substantial failure to follow these procedures will result in the party having to correct its filing. If the summary judgment papers are voluminous, the Court would appreciate the parties sending a courtesy paper copy to chambers. Any movant may reply within seven calendar days of a response to a motion for summary judgment.

- **Deposition Designations.**  The Court strongly encourages the parties to use live testimony, rather than testimony by deposition, at trial.  If the parties nonetheless need to use deposition testimony, then they must use the following procedure.  Thirty days before Local Rule 26.2 pre-trial disclosure sheets are due, the parties should exchange deposition designations.  As soon as practicable thereafter, counsel must meet and confer in person.  They should try hard to agree on what deposition testimony will be presented at trial and resolve any objections.   If any dispute or objection remains unresolved, then the parties should file a joint report explaining the dispute on the same date pre-trial disclosure sheets are due.  The parties must certify that they met and conferred in person but failed to resolve the disputed issue.  The parties should also deliver to chambers a paper copy of the entire transcript of any deposition involved in any dispute.

- **Jury Instructions.**  The Court will use its own introductory and general instructions.  The parties should submit proposed instructions only on elements and anything unusual and proposed verdict forms.  The Court strongly encourages the parties to confer and agree on these instructions and forms.  The parties should also submit an agreed proposed statement of the case.  Note authority on the bottom of each proposed instruction.  Please explain the reason for any disputed instructions in your submission.  Send agreed and disputed instructions in WordPerfect or Word to dpmchambers@ared.uscourts.gov.  Alert the law clerk on the case that you have submitted the instructions.

- **Exhibits.**  The Court strongly encourages the parties to agree on as many of the exhibits as possible.  Deliver the original exhibits, and one copy, in three-ring binders to the Courtroom Deputy on the Wednesday before trial starts.  Please also include an electronic copy, plus (on the Court's forms) the

  exhibit and witness lists.

- **Courtroom Technology.**   Before any pretrial, and as soon as practicable before any hearing, counsel should contact the courtroom deputy about technology needs.   She will coordinate with the Court's IT department.   Any plan for use of non-Court technology must be approved by the IT department.

- **Pre-Trial Hearing.**   It will be set by separate notice.   We will address motions in limine, deposition excerpts for use at trial, jury instructions, trial architecture, exhibits, and voir dire.

- **Conflicts Of Interest.**   Counsel must check the Court's recusal list on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal.   If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel should bring that fact to the Court's attention immediately.

Please communicate with Sherri Black, Courtroom Deputy, by e-mail at *sherri_black@ared.uscourts.gov* to check your position on the calendar as the trial date approaches.   In the event of settlement, advise Sherri Black immediately.

                                    **AT THE DIRECTION OF THE COURT**
                                    **JAMES W. McCORMACK, CLERK**

                                    **By:   Sherri Black**
                                              Courtroom Deputy to
                                              Judge D. P. Marshall Jr.

                                              7 November 2019