IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

BETTYE BEDWELL,
CHAPTER 7 TRUSTEE OF
THE BANKRUPTCY ESTATE OF ARTHUR LEVY                    PLAINTIFF

VS.                          CASE NO. 2:18-CV-108-DPM

G. ADAM COSSEY; HUDSON, POTTS &
BERNSTEIN, LLP, AND JOHN DOES 1-10                       DEFENDANTS

## AGREED PROTECTIVE ORDER

The plaintiff, defendants, and deponents Brandon Stelly and Angela Daigle, through their respective counsel, agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) that may be discovered or offered into evidence. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

1.     Plaintiff has requested the production of documents related to Schumacher Clinical Partners as stated in the deposition subpoenas against Mr. Stelly and Ms. Daigle, dated June 15, 2020. It is agreed that this material requested by plaintiff is confidential, and such information shall be preserved under the terms of this Protective Order.

2.     It is agreed that the documents produced in response to the deposition subpoenas against Mr. Stelly and Ms. Daigle shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

2157450-v1

a.    Counsel for plaintiff and counsel for defendants who are actively engaged in the conduct of this litigation and to their staffs to the extent reasonably necessary to render professional services in the litigation;

b.    The parties to the litigation, including their employees, employers and experts;

c.    Deponents and trial and hearing witnesses;

d.    Court personnel, any mediator involved in this action, and employees of any such mediator; and

e.    Any other individuals included by order of the Court.

The documents produced in response to the deposition subpoenas against Mr. Stelly and Ms. Daigle to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

3.    The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order.

4.    The depositions of Brandon Stelly and Angela Daigle shall be considered confidential and shall be governed by this Protective Order.

2157450-v1

5.    A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the Parties shall follow the Court's discovery dispute procedure, which has been set forth in the Fourth Amended Final Scheduling Order. (Doc. 75 at pg. 2).  Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

6.    Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing.  Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

7.    Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal, in a sealed envelope marked to indicate that the enclosed material is confidential and is to be made available only to the presiding judge and the judge's staff unless and until the Court orders otherwise.  The parties or deponents may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order.  Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents.

2157450-v1

8.    No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

9.    The information and documentation covered under this Protective Order shall be used only for purposes of this lawsuit.  No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order.  No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

10.   In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party or party producing the material of the disclosure and take immediate action to prevent further disclosure.  In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

11.   Information designated as "Confidential" must not be filed on the public docket.  If practicable, it should be redacted.  Fed. R. Civ. P. 5.2.  If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under seal. The moving party

2157450-v1

must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

12.   This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Upon termination of this case, the parties shall return to their respective counsel all confidential documents, material, and deposition transcripts and all copies of same, or shall certify the destruction thereof. Counsel for the parties shall be permitted to retain confidential information in their files, subject to the terms of this Order.

IT IS SO ORDERED this _17th_ day of _____July_____, 2020.

_____
FEDERAL JUDGE

AGREED AS TO FORM AND CONTENT:

_____
David P. Glover (99148)
Glenn S. Ritter (2011146)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
Attorneys for Schumacher Clinical Partners,
Brandon Stelly, and Angela Daigle

2157450-v1

*s/Vicki Gilliam*

_____

Vicki Gilliam
THE GILLIAM FIRM, PLLC
P.O. Box 1303
Clinton, MS 39060
gilliam@gilliamfirm.com

-AND-
John Ogles
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
jogles@aol.com
Attorneys for Plaintiff

*s/Edwin Lowther, Jr.*

_____

Edwin Lowther, Jr.
Kristen S. Moyers
Quinten J. Whiteside
WRIGHT, LINDSEY & JENNINGS, LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Attorneys for Defendants