IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

BETTYE BEDWELL, Chapter 7
Trustee of the Bankruptcy Estate
Of Arthur Levy                                                                    PLAINTIFF

v.                               No. 2:18-cv-108-DPM

G. ADAM COSSEY; HUDSON
POTTS & BERNSTEIN LLP; and
JOHN DOES 1-10                                                                  DEFENDANTS

ORDER

The parties and a third-party entity, TSG Resources, have asked the Court to resolve a discovery dispute about the attorney-client privilege and disclosure of certain documents. The Court appreciates the parties' briefing, the privilege log, and the documents for in-camera review. A trial in another matter, and the more than one thousand pages of documents that needed review here, have delayed a ruling.

First, there has been no waiver of the attorney-client privilege between Cossey, his law firm, TSG Resources, and TSG/Schumacher-related entities. Cossey and his firm represented Dr. Hashmi and Hospital Physician Partners, the defendants in the *Moore* case. Hospital Physician Partners is a TSG/Schumacher-related entity. The privilege protects all of these client/counsel emails and

related documents connected with that representation in the *Moore* case.

Second, Bedwell's argument to reach the privileged material is all about relevance. The Court understands the point. But the material's potential relevance is not dispositive. Bedwell has not provided any sufficient legal reason or authority for the Court to pierce the privilege.

Third, TSG Resources documents 03, 04 & 05 must be disclosed. This email chain is mostly about the *Levy* case. The handful of embedded sentences about the *Moore* case can be redacted easily. TSG Resources must produce these three pages, after making only the specified redactions, by 19 August 2020.

Fourth, Bedwell's new motion to compel Cossey's answers to some objected questions from his January 2020 deposition fails. Again, the privilege belongs to Hospital Physician Partners/Schumacher/TSG. The client has asserted the privilege, not waived it. And Cossey did not waive it, inadvertently or otherwise, by answering some of Bedwell's questions in this neighborhood during the deposition. Cossey spoke only about non-privileged matters, most of which were of public record.

\* \* \*

Motions, *Doc. 78 & 79*, partly granted and partly denied. Motion to compel, *Doc. 86*, denied. The Court will file the binder of privileged materials *ex parte* and under seal to complete the record.

Joint motion to extend deadlines, *Doc. 90*, granted as modified. The Court appreciates counsels' willingness to sprint. But the Court does not believe that everything that must be done by counsel and the Court to get this case ready for trial can be done before December. Trial will therefore be continued to February 2021, with the remaining deadlines adjusted accordingly. A Fifth Amended Final Scheduling Order will issue.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 August 2020