IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

BETTYE BEDWELL, Chapter 7 Trustee of the
Bankruptcy Estate of Arthur Levy                                        PLAINTIFF

v.                              No. 2:18-cv-108-DPM

G. ADAM COSSEY; HUDSON POTTS &
BERNSTEIN LLP; and JOHN DOES 1-10                                      DEFENDANTS

ORDER

Discovery problems continue to trouble this case. The parties and TSG/Schumacher agreed to a Protective Order, which the Court entered in anticipation of the depositions of Brandon Stelly and Angela Daigle. They work for TSG/Schumacher handling claims; Stelly is a lawyer. The Stelly and Daigle depositions "shall be considered confidential and shall be governed by this Protective Order." Doc. 87 at ¶ 4. The Order also prescribed a procedure for resolving challenges to any confidentiality designation, including presenting it to the Court if the parties can't resolve the dispute. Bedwell deposed Stelly and Daigle. She now seeks to remove the deposition transcripts from the Protective Order's embrace.

First, the Court disagrees with TSG/Shumacher's argument that the Protective Order conclusively resolves this issue against Bedwell. The parties specifically noted and considered the depositions

confidential, but the Order also contemplated challenges to confidentiality designations and Court resolution as the fall-back. Bedwell is, to some extent, rehashing resolved issues. But the Court will address them once again.

Second, on the merits, most of both depositions must remain confidential. They cover the back and forth between outside counsel and the company about the litigation and claims management. These communications, including the review of many emails, are shielded by the attorney-client privilege and work-product protection. *Upjohn Co. v. United States*, 449 U.S. 383, 389–97 (1981). Some of each deposition, though, covered ground that doesn't strike the Court as needing or meriting protection. Stelly pages 1–38 (line 3) is testimony about the tangled corporate relationships, some of which was covered in open court and all of which is probably rooted in public information. Stelly pages 107 (line 13)–108 (line 18) is the same kind of thing. Daigle pages 1–16 (line 10) is similar material. All the listed pages are non-confidential; everything else in the transcripts remains protected. On exhibits: if any document is already in the public record, it is not confidential; otherwise, all documents remain protected.

Last, there's no good reason for the email from one of Bedwell's lawyers to Stelly and Daigle (and others) to be sealed. It is unexceptional.

\* \* \*

Joint reports of discovery dispute, *Doc. 104 & 113*, resolved. Text Order, *Doc. 116*, modified: Motion, *Doc. 114*, denied; and the Court directs the Clerk to unseal Exhibit G to *Doc. 113*.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_1 December 2020_